IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) Plaintiff, ) ) v. ) ) JOHN D. LACKS, as Guardian for Kim ) Lee Whitley, *et al.*, ) ) Defendants. ) | CASE NO. 3:11-cv-144-MEF (WO – Publish) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed an Amended Complaint (Doc. # 30) seeking declaratory relief regarding its duty to defend and/or indemnify Kim Lee Whitley ("Whitley") under a Homeowner's Policy of Insurance (the "Policy") for wrongful death claims made against Whitley by the personal representative of Johnny Ray Whitley and Mary Christine Whitley, Whitley's brother and mother. The case is before the Court on Plaintiff's Motion for Judgment on the Pleadings (Doc. # 40), which has been fully briefed (Docs. # 43, 44). For the reasons set forth below, Plaintiff's motion is due to be **GRANTED** in part and **DENIED** in part.

### **I. JURISDICTION AND VENUE**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. §§ 2201-02 (declaratory relief). The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). In evaluating a motion for judgment on the pleadings, the court must review the factual allegations in a light most favorable to the non-moving party. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). However, the court need not credit a non-moving party's legal contentions. *See CompuCredit Holdings Corp. v. Akanthos Capital Mgmt., LLC*, 661 F.3d 1312, 1314 (11th Cir. 2011). A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).

In addition to considering the properly pleaded allegations in a complaint, the court may consider on a motion for judgment on the pleadings any exhibits attached to the complaint as well as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) ("Although our decision [on a motion for judgment on the pleadings] rests primarily upon the allegations in the complaint, 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken

into account.'" (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))); *L-7 Designs v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Floyd v. Corder*, 426 F. App'x 790, 791 n.1 (11th Cir. 2011).

### III.  FACTUAL BACKGROUND

Construed in a light most favorable to Defendant Lacks – Whitley's guardian and conservator and the non-moving party – the Court finds the following facts:

State Farm issued a Homeowner's Policy to Whitley extending coverage for the policy year of January 30, 2010 to January 30, 2011.  (Am. Compl. ¶ 7; Policy 2 (Doc. # 30, Ex. A).)  The Policy extends coverage to the insured for personal liability "for damages because of bodily injury . . . caused by an occurrence . . . ."  (Policy 15.)  An "occurrence" is defined as an "accident . . . which results in [ ] bodily injury . . . ."  (Policy 1-2.)  The Policy excludes coverage for "bodily injury . . . which is either expected or intended by the insured [ ] or which is the result of willful and malicious acts of the insured[.]"  (Policy 16.)

The underlying state court amended complaint (Doc. # 30, Ex. D) asserts two counts of wrongful death against Whitley, Ala. Code § 6-5-410, and alleges that on December 26, 2010, within the policy term, Whitley wrongfully caused the deaths of his mother, Mary Christine Whitley, and his brother, Johnny Ray Whitley, by shooting them with a gun.[1]  For

---

[1] The alleged nature of the shootings in the underlying wrongful death lawsuit is unclear.  As to Mary Christine Whitley, the underlying amended complaint alleges that Whitley caused her death accidentally, negligently, unintentionally, recklessly, or "in a manner unknown to the Plaintiff . . . ."  (Underlying Am. Compl. ¶ 1-4.)  As to Johnny Ray Whitley, the underlying amended complaint simply

these acts, Whitley has been criminally charged with two counts of capital murder. (Underlying Am. Compl. ¶¶ 1-2, 2-2; Am. Compl. ¶ 3, at n.1; Def. Lacks's Answer ¶ 3 (Doc. # 34).)

State Farm seeks relief from this Court in the form of a declaration that it does not have a duty to defend or indemnify Whitley under the Policy. According to State Farm, the Policy does not extend coverage because the alleged shootings were not "occurrences" as that word is defined in the Policy. State Farm also argues that the Policy's exclusion for bodily injuries that the insured expected or intended or which were the result of willful and malicious acts of the insured precludes coverage for Whitley. By contrast, Defendant Lacks alleges in his Answer (Doc. # 34), and the Court must accept as true, that:

> Whitley suffered from [a] mental illness or disease to such an extent that he was incapable of performing a deliberate act that would be deemed to have been nonaccidental . . . [or] to have been expected or intended by [Whitley] to cause bodily injury, or to have committed bodily injury as the result of willful or malicious acts . . . leading to the deaths of Mary [Christine] Whitley and Johnny Ray Whitley

(Def. Lacks's Answer ¶¶ 17, 18.) The first issue is whether the allegations in the underlying amended complaint implicate State Farm's duty to defend. The second issue is whether Whitley's mental state at the time of the killings made the deaths of his mother and brother "accidental" and thus subject to coverage as "occurrences" within the meaning of the Policy.

---

alleges that Whitley "is guilty of killing [ ] Johnny Ray Whitley by shooting him with a gun" and that the "action of [Whitley] was wrongful . . . ." (Underlying Am. Compl. ¶ 2-4.)

## IV.  DISCUSSION

**A.**     <u>**The Duties to Defend and Indemnify**</u>

"An insurer's duty to indemnify under a policy is not as extensive as its duty to defend." *State Farm & Cas. Co. v. Myrick*, 611 F. Supp. 2d 1287, 1291 (M.D. Ala. 2009) (Watkins, J.) (citing *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1009 (Ala. 2005)).  For this reason, "the duties must be analyzed separately." *Id.* (citing *Tanner v. State Farm Fire & Cas. Co.*, 874 So. 2d 1058, 1066 (Ala. 2003)).  An insurer's duty to indemnify is determined by the insured's conduct, while the insurer's duty to defend is determined by the allegations levied against the insured. *Id.* at 1291-92 (citing *Tanner*, 874 So. 2d at 1066; *Cotton States Mut. Ins. Co. v. Daniel*, No. 3:07cv843, 2008 WL 4999097, at *4 (M.D. Ala. Nov. 20, 2008 (Watkins, J.))).

"An insurer cannot refuse to defend a suit because the claim asserted against the insured will not succeed due to the absence of a legal or factual basis for the claimant's judgment." 14 *Couch on Insurance* § 200:8 (3d ed.) (citations omitted); *see also Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1010 (Ala. 2005) ("[T]his Court has never held that, even though the allegations of the complaint *do* allege a covered accident or occurrence, the court may consider evidence outside the allegations to disestablish the duty to defend." (citations and quotations omitted)).

"When a complaint alleges both acts covered under the policy and acts not covered, the insurer is under a duty to at least defend the allegations covered by the policy." *Hartford*

5

*Cas. Ins. Co.*, 928 So. 2d at 1010 (quoting *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 14 (Ala. 2001)).  Based upon the undisputed facts and the pleadings, the Court concludes that State Farm has a duty to defend the wrongful death claims to the extent that they are based upon theories of negligent or reckless conduct; the Court is unable to determine at this time the extent of State Farm's duty to indemnify for these theories.  *See* 46 C.J.S. *Insurance* § 1628 (stating that although "the duties to defend and indemnify . . . may be related, . . . they are . . . legally independent . . . in the sense that the insurer may have a duty to defend against a lawsuit notwithstanding that . . . the insurer is not liable for indemnification").  The Court further concludes that State Farm has no duty to defend or indemnify the wrongful death claims to the extent that they allege and are based upon an intentional conduct theory.

**B.     The Negligence and Recklessness Theories of Wrongful Death and State Farm's Duty to Defend and Indemnify**

   *1.     The Duty to Defend*

Some of the wrongful death *allegations* in the underlying case – which include theories of negligence and recklessness – fit squarely within the scope of the Policy's coverage.  The underlying amended complaint alleges that Whitley caused the death of Mary Christine Whitley accidentally, negligently, unintentionally, recklessly, or in a manner unknown to the plaintiff.  (Underlying Am. Compl. ¶ 1-4.)  Although the underlying amended complaint does not allege as much detail with respect to the death of Johnny Ray Whitley (Underlying Am. Comp. ¶ 2-4), the allegations of wrongful death by necessity include a "wrongful act . . . or negligence" in order to state a viable claim.  Ala. Code § 6-5-

410(a); *see also Hanna v. Riggs*, 333 So. 2d 563, 565-66 (Ala. 1976) (stating that a wrongful act, omission, or negligence is "[t]he gravamen in a wrongful death action").  While the pleadings and briefs in this case cast doubt upon the negligence and recklessness theories in the underlying case, the Court may not look outside the underlying pleadings "to disestablish the duty to defend."  *Hartford Cas. Ins. Co.*, 928 So. 2d at 1010; *see also Tanner*, 874 So. 2d at 1064.  On their face, the allegations of wrongful death by negligent or reckless conduct implicate State Farm's duty to defend under the coverage provision of the Policy.  *Tanner*, 874 So. 2d at 1066 (recklessness); *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 15 (Ala. 2001) (negligence).

### 2.     *The Duty to Indemnify*

Whereas the duty to defend is implicated primarily by the allegations in the complaint, the Court, on the other hand, looks mostly to the facts concerning the insured's conduct when making a determination on an insurer's duty to indemnify.  *Tanner*, 874 So. 2d at 1066.  Although it is dubious that Whitley's conduct implicates State Farm's duty to indemnify, the Court is unable to determine so conclusively in the relatively fact-free context of a motion for judgment on the pleadings.

Lacks's attorney argues as much: "For all that appears in the [Amended] Complaint, Mr. Whitley dropped a gun and it discharged. . . ." (Def. Lacks's Resp. 5.)  First, arguments in briefs are not evidence.  *See Vega v. Invsco Group, Ltd.*, 432 F. App'x 867, 872 (11th Cir. 2011).  Second, the court only looks to the facts alleged in the pleadings when ruling upon

a motion for judgment on the pleadings. Although the Amended Complaint – and indeed the underlying complaint – appear ambiguous as to the manner in which Mary Christine Whitley and Johnny Ray Whitley were shot, Defendant Lacks's Answer only asserts the affirmative defense of accidental by reason of insanity (Def. Lacks's Answer ¶¶ 17-18), which is discussed and rejected below. Lacks presents no defense that the killings were accidental in any other way, *i.e.*, by negligent or reckless conduct. However, the Underlying Amended Complaint does allege that the killings occurred accidentally, negligently, unintentionally, or recklessly, and the Court must resolve those contrasting allegations in favor of Defendant Lacks. Therefore, the Court is unable to determine at this time that State Farm has no duty to indemnify. In summary, the Court concludes that this particular aspect of this declaratory judgment action – State Farm's duty to indemnify based upon negligence or recklessness-based wrongful death theories – is more appropriately suited to the context of a motion for summary judgment after discovery.

C. **The Intentional Theory of Wrongful Death and State Farm's Duties to Defend and Indemnify**

On the other hand, to the extent that the underlying amended complaint alleges a wrongful death action based upon intentional conduct, that allegation falls outside the scope of the Policy's coverage. In so concluding, the Court must interpret the terms "occurrence" and "accident" as they appear in the Policy. "General rules of contract law govern an insurance contract." *Safeway Ins. Co. of Ala., Inc. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005) (citation omitted). In construing an insurance contract, a court must enforce the

written terms of an insurance policy so long as the terms are unambiguous. *Id.* (citations omitted). "Whether a provision of an insurance policy is ambiguous is a question of law." *Id.* (citations omitted). Thus, in considering a motion for judgment on the pleadings, the court need not credit the non-movant's contention that a word or phrase is ambiguous, *see CompuCredit Holdings Corp*, 661 F.3d at 1314, nor must the court accept the non-movant's construction of an undefined word or phrase that is not ambiguous, *Safeway Ins. Co.*, 912 So. 2d at 1143 ("[T]he mere fact that a word or a phrase used in a provision in an insurance policy is not defined in the policy does not mean that the word or phrase is inherently ambiguous."). Rather, for undefined and unambiguous words and phrases, "the court should construe the word or phrase according to the meaning a person of ordinary intelligence would reasonably give it." *Id.* (citing *Twin City Fire Ins. Co.*, 817 So. 2d at 692); *see also State Farm Fire & Cas. Co. v. Wonderful Counselor Apostolic Faith Church*, 12 So. 3d 662, 665 (Ala. 2008).

As stated above, the issue is whether the wrongful death claims – to the extent that they are based upon allegations of *intentional* conduct – constitute an "occurrence" within the meaning of the Policy so as to trigger coverage and State Farm's duties to defend or indemnify. An "occurrence" is defined in the Policy as an "accident . . . which results in [ ] bodily injury . . . ." (Policy 1-2.) Although the Policy does not define the term "accident," Alabama law does. *See U.S. Liab. Ins. Co. v. Sternenberg Constr.*, No. 10cv374, 2011 WL 3585261, at *4 (M.D. Ala. Aug. 16, 2011) (Fuller, J.). The term accident means "an

9

*unintended* and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated" or "something unforeseen, unexpected, or unusual." *Id.* (emphasis added) (citing *Hartford Cas. Ins. Co.*, 928 So. 2d at 1011); *see also State Farm & Cas. Co. v. Myrick*, 611 F. Supp. 2d 1287, 1292 (M.D. Ala. 2009) (Watkins, J.); *see also* Webster's Third New International Dictionary 11 (1986) ("an event . . . occurring by chance or arising from unknown or remote causes").

Under the definitions propounded by the Alabama Supreme Court, "accidental" conduct is the antithesis of "intentional" conduct. However, Defendant Lacks argues that Whitley's acts are unintentional by reason of his alleged insanity at the time of the conduct, and thus "accidental." (Def. Lacks's Answer ¶ 17; Def. Lacks's Resp. 4.) As stated above, the Court may not look to allegations or arguments extraneous to the underlying pleadings "to *disestablish* the duty to defend." *Hartford Cas. Ins. Co.*, 928 So. 2d at 1010 (emphasis added); *see also Tanner*, 874 So. 2d at 1064. But conversely, the Alabama Supreme Court has held that "if the complaint against the insured does not, on its face, allege a covered accident or occurrence, other facts which did exist but were not alleged could be taken into consideration to *establish coverage* because the policy should be liberally construed in favor of the insured." *Hartford Cas. Ins. Co.*, 928 So. 2d at 1010 (emphasis added) (internal citations and quotation marks omitted). Accordingly, the Court may consider Whitley's alleged insanity at the time to determine whether State Farm owes Whitley the duties to defend or indemnify or both on the wrongful death claims for alleged intentional conduct.

While accidental conduct is not intentional, not all unintentional conduct is accidental. *Myrick*, 611 F. Supp. 2d at 1293 (interpreting definition of "accident" in a similar policy and concluding that "not all unintentional acts are accidental conduct"). Applying that axiom to this case, Whitley – on account of his alleged insanity – may not have had the *mens rea* to have "intentionally" killed Mary Christine Whitley and Johnny Ray Whitley. It does not follow, however, that the killings were "accidents." In fact, Alabama law appears to have imposed an objective consideration into its definition of "accident" that would foreclose Whitley's argument. As explained above, one definition of "accident" offered by the Alabama Supreme Court is "something that does not occur in the *usual course of events* or that could be *reasonably anticipated*[.]" *U.S. Liab. Ins. Co. v. Sternenberg Constr.*, 2011 WL 3585261, at *4 (emphasis added) (citing *Hartford Cas. Ins. Co.*, 928 So. 2d at 1011); *see also State Farm & Cas. Co. v. Myrick*, 611 F. Supp. 2d at 1292. A reasonable person could anticipate death resulting from the discharge of a firearm in the direction of another human being. Likewise, death may result in the "usual course of events" when discharging a firearm in the direction of another human being. If the term "accident" did not include an objective component, then State Farm would become an insurer of mental health. State Farm has no duty to defend or indemnify the wrongful death claims to the extent that they allege that Whitley killed the decedents intentionally.[2]

---

[2] Having found no coverage for the intentional conduct wrongful death claims, the Court need not address the arguments as to whether Whitley's conduct falls within an exclusion under the Policy.

## V.  CONCLUSION

In summary, Plaintiff State Farm has a duty to defend the wrongful death claims to the extent that they are based upon allegations of negligent or reckless conduct.  However, Plaintiff State Farm has no duty to defend or indemnify the wrongful death claims to the extent that they are based upon allegations of intentional conduct.  Finally, the Court is unable to determine at this time whether State Farm has a duty to indemnify to the extent that the underlying wrongful death claims are based upon theories of negligence or recklessness.  Accordingly, it is ORDERED that Plaintiff's Motion for Judgment on the Pleadings (Doc. # 40) is GRANTED in part and DENIED in part.

DONE this 12th day of January, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE
